**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREA STOVER and DOMINIQUE STOVER, <br><br>*Plaintiffs*, <br><br>v. <br><br>NJ STUYVESANT LLC aka THE CLEARSTONE GROUP, INC., and DANIEL KIRZNER, <br><br>*Defendants*. | Civil Action No. 17-13590 (JMV) (JBC) <br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiffs seek to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, Plaintiffs' application to proceed *in forma pauperis* is **GRANTED**, but the Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1332(a)(1) for lack of subject matter jurisdiction. The Complaint fails to raise a federal question, allege claims against the federal government, or demonstrate a diversity of the parties pursuant to Article III, section 2 of the United States Constitution, or 28 U.S.C. § 1332 and 28 U.S.C. § 1331.

Under § 1915, this Court may excuse a litigant form prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). As a preliminary matter, Plaintiffs sufficiently establish their inability to pay, and this Court grants their application to proceed *in forma pauperis* without prepayment of fees and costs. However, when allowing a plaintiff to proceed *in forma pauperis*,

this Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2).

If a federal court does not have subject matter jurisdiction, then the court does not have the authority to hear a case. "A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981); *see also* Fed. Civ. P. 12(h)(3). If at any time the court finds that subject matter jurisdiction is lacking, the court must dismiss the action, regardless of the stage of the litigation. *Trent Realty Assocs.*, 657 F.2d at 36.

In determining whether it has subject matter jurisdiction, a court considers whether the United States is a party, whether there is a federal question, or whether diversity exists. Plaintiffs bring their claims alleging federal jurisdiction because the United States government is a plaintiff. D.E. 1 at 2. However, the United States is not a named party. Plaintiffs are clearly private citizens. This case involves claims by private citizens against a private citizen and businesses. *Id.* Therefore, this Court does not have subject matter jurisdiction pursuant to Article III Section 2 of the United States Constitution.

The Complaint similarly fails to implicate any federal question, which prevents the Court from exercising federal question jurisdiction under 28 U.S.C. § 1331. A case implicates a federal question if "a well-pleaded complaint establishes that either federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). The genesis of Plaintiffs' complaint sounds in a landlord-tenant dispute. D.E. 1 at 3-4, 6-8. Plaintiffs also claim harassment, mental and physical cruelty, fraud, libel,

slander, theft by deception, and, construing the complaint liberally considering Plaintiffs' *pro se* status, a violation of the implied warranty of habitability. Plaintiffs, a mother and daughter, further indicate that one is a senior citizen and one is disabled (although it is not clear whether these allegations are the basis for any claims). Plaintiffs also allege violations of the "Tenancy Act" which may refer to the Senior Citizens and Disabled Protected Tenancy Act. *See* N.J. Stat. Ann. § 2A:18-61. Plaintiffs do not allege any violation of federal law, nor do they allege any United States constitutional question. All Plaintiffs' claims appear fall under New Jersey common and statutory law and do not implicate any federal statutes.

Therefore, the only possible subject matter jurisdiction that may be established is diversity jurisdiction under 28 U.S.C. § 1332(a). To assert diversity jurisdiction as a basis of federal subject matter jurisdiction, there must be complete diversity of parties and the amount in controversy must exceed $75,000. *Id.* If any defendant is a citizen of the same state as any of the plaintiffs, diversity cannot exist. *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). Putting Plaintiffs' demand of $300 million[1] aside, there is a lack of diversity among the parties in this case. Here, Plaintiffs are New Jersey residents, alleging claims against both New York and New Jersey-based defendants. D.E. 1 at 1-2. Because Plaintiffs are citizens of the same state as at least one of the Defendants, this Court does not have subject matter jurisdiction over the matter on a diversity basis.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter allowing a plaintiff to correct any deficiencies in their complaint. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-111 (3d Cir. 2002). Typically, district courts will deny leave to amend only if: (a) the moving party's delay in

---

[1] The requested amount of damages is not supported by any factual bases.

3

seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiffs do not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiffs will not be able to file any future suit against the Defendants concerning the allegations in the Complaint.

The Court further notes that if Plaintiffs do file an amended complaint, they must not only satisfy the Court that there is subject matter jurisdiction, they must also plausibly plead their claims.[2] As noted, it also appears that Plaintiffs may be attempting to raise claims that are better suited for state court. While the Court is not advising on Plaintiffs how to proceed, if Plaintiffs decide to file their case in state court, they should advise the Court so that this matter is not dismissed with prejudice.

---

[2] "Plausibility" is the standard that the Court applies when determining whether a plaintiff has made sufficient allegations. If the allegations are not plausibly made, then the complaint is dismissed. To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

4

Accordingly, and for good cause shown,

**IT IS** on this 30th day of January, 2018,

**ORDERED** that Plaintiffs' application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' Complaint is **DISMISSED** without prejudice, with leave to file an amended complaint within thirty (30) days from entry of this Order. If Plaintiffs fail to file an Amended Complaint within 30 days of the entry of this Order, this Court will direct the Clerk of the Court to dismiss the Complaint with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiffs by regular mail and certified mail return receipt.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　John Michael Vazquez, U.S.D.J.